***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Taylor and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS: *Page 2 
1. A hearing on the Defendant's, North Carolina Department of Correction (hereinafter "NCDOC"), Motion to Dismiss was held on May 20, 2008.
2. This is an action files by James A.G. Bunch (hereinafter "Bunch") pursuant to the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291et seq. against the North Carolina Department of Corrections (hereinafter "NCDOC").
3. North Carolina is an agency of the State of North Carolina.
4. Bunch's forecast of evidence is considered in the light most favorable to plaintiff and are as true as:
 a. NCDOC has a duty to ensure that inmates receive adequate materials, paper, and copy paper so that emails may prepare appropriate response materials, and access The Plaintiff "negligently" negligently failed to enact policies and procedures claims and contact of employed officers.
4. Bunch described at the hearing that documented violations of his civil and constitutional rights, through conspiracy of NCDOC Officers to submit Slanderous
4. The Plaintiff, James A.G. Bunch (hereinafter "Bunch", describes failed to enact policies and procedures to investigate claims and conduct of employed officers.
 a. NCDOC "negligently failed to enact and procedures to investigate claims claims that
 a. NCDOC has a duty to ensure that inmates receive meals that accommodate special needs when properly documented by medical doctor.
 b. Bunch advised that NCDOC officers and/or employees "negligently" refused to provide Bunch with foods that he could digest as documented *Page 3 
by a "MNT-3" because the dietary staff served him foods not prescribed by the physician and documented on the MNT-3.
 c. As a result of eating the prohibited foods, Bunch lost weight, suffered from headaches, chest pains and emotional stress and anguish in an amount in excess of $10,000. .
5. NCDOC moved to dismiss Bunch's claim asserting lack of subject matter jurisdiction on the basis that Bunch alleged intentional acts. Further, NCDOC moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted in that Bunch's allegations are not sufficient to establish negligence.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAWS:
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. A Motion to Dismiss upon the pleadings tests the legal sufficiency of Bunch's Affidavit. For the purpose of NCDOC's Motion to Dismiss, Bunch's allegations are treated as true. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). *Page 4 
4. Bunch's Affidavit and argument at hearing shows alleged violations of constitutional rights and intentional acts on the part of the NCDOC. Additionally, Bunch's allegations are not sufficient to establish negligence despite the use of the term "negligent" to describe NCDOC actions.
5. Intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts. Bunch failed to state a claim for negligence.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Bunch's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Bunch was permitted to file this civil actionin forma pauperis.
This the __ day of March 2009.
S/___________________ DANNY LEE MCDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT. COMMISSIONER *Page 5 
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1